IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALLEN WILLIAMS, SPN #002247082, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-15-709 |
| SHERIFF ADRIAN GARCIA, | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Allen Williams (SPN #002247082, former TDCJ #1284701 and TDCJ #1422932), also known as Allen Douglas Williams III, also known as Allen Troy Williams, is currently in custody at the Harris County Jail. Williams has filed a complaint under 42 U.S.C. § 1983 alleging violations of his civil rights. At the court's request Williams has filed a more definite statement of his claims. Because he is a prisoner, the court is required to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). After reviewing all of the pleadings the Court will dismiss this action for the reasons explained below.

## I. Background

Williams's pleadings are difficult to decipher. It appears that Williams, who refers to himself as "the Honorable Prophet," is currently in custody awaiting trial on charges of aggravated assault. Williams reportedly has prior felony convictions for aggravated assault on a public servant and robbery. Williams appears to contend that the charges against him, as well as the prior convictions, are "fictitious" or false and that he has been "misrepresented" or mistakenly identified as the defendant in those cases.[1] By failing to ascertain his "true and correct identity," Williams contends that Sheriff Garcia has subjected him to false imprisonment in violation of his right to due process and equal protection.

In his more definite statement Williams also complains about the conditions of his confinement at the Jail. Williams claims that he was assaulted by an unidentified officer while he was in restraints on March 4, 2015, and that water was leaking into his cell on April 17, 2015, creating an "unsanitary environment." Williams states that he is hearing voices and suffering from mental illness, mental distress and anguish, seizures, and "prediabetes." Williams claims that he has been denied adequate medical care for

---

[1] To secure proof that the charges are false Williams recently filed a "Motion to Produce a Copy of Birth Certificate." (Docket Entry No. 15).

these conditions as the result of negligence on the part of providers at the Jail.

Williams seeks $11.7 million in compensatory damages for his unlawful confinement. He also asks the Court to intervene and dismiss all of the charges against him.

## II. Discussion

### A. Frivolousness

Williams's primary complaint is that he has been jailed and subject to prosecution under a mistaken or fictitious identity. Even under the liberal construction that applies to pro se pleadings, the allegations of mistaken identity outlined in the complaint and other submissions filed by Williams[2] appear factually frivolous because they are "fanciful," "fantastic," and "delusional." Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992) (quoting Neitzke v. Williams, 109 S. Ct. 1827, 1833 (1989)). To the extent that Williams's claims of false imprisonment are frivolous, the complaint is subject to dismissal under 28 U.S.C. § 1915A for that reason. See Denton, supra, 112 S. Ct. at 1733; Gartrell v. Gaylor, 981 F.2d 254, 259 (5th Cir. 1993).

---

[2] He has filed a motion asking the court to "construe and construct" his claim as authorized by the "Universal Brotherhood of Illumination" and to not dismiss his complaint as frivolous and malicious. (Docket Entry No. 16, pp. 1-2). The motion references another lawsuit brought by Williams that this court dismissed previously as both frivolous and malicious. See Williams v. Garcia, Civil No. H-15-825 (S.D. Tex. April 3, 2015). In that case Williams accused Sheriff Garcia of violating trademark and copyright laws.

### B. Abstention or Non-Intervention

Alternatively, to the extent that Williams asks this court to intervene and dismiss the charges against him his complaint fails to state a claim upon which relief may be granted. Under the doctrine set out in Younger v. Harris, 91 S. Ct. 746, 750-51 (1971), federal courts cannot interfere in state criminal proceedings unless extraordinary circumstances are present. This doctrine, which is alternately called "abstention or nonintervention," is based on considerations of equity, comity, and federalism. DeSpain v. Johnston, 731 F.2d 1171, 1175-76 (5th Cir. 1984). Williams does not allege facts showing that he has raised his claims of mistaken identity before the trial court or that extraordinary circumstances are present to warrant federal intervention in this instance. Under these circumstances, his claim for injunctive relief must be dismissed.

### C. Claims Concerning the Conditions of Confinement

The remaining allegations in Williams's more definite statement do not state a claim for relief. To the extent that Williams complains about water leaking into his cell, he does not allege facts showing that officials had adequate notice of a problem but failed to take steps to investigate and correct the problem. See, e.g., Williams v. Leonard, 274 F. App'x 355, 355-56, 2008 WL 2080560 (5th Cir. April 15, 2008).

To the extent that Williams complains about being attacked by a guard and denied adequate medical or mental health care, Williams does not allege facts showing that Sheriff Garcia had the requisite personal involvement for purposes of liability under 42 U.S.C. § 1983. Williams sues Sheriff Garcia as the sole defendant in his capacity as a supervisory official. A supervisor may not be held liable for a civil rights violation under a theory of respondeat superior or vicarious liability. Monell v. Dep't of Social Svcs., City of New York, 98 S. Ct. 2018, 2036 (1978); Evett v. DETNTFF, 330 F.3d 681, 689 (5th Cir. 2003). Because vicarious liability is inapplicable in a § 1983 suit, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009).

Supervisory officials can be held liable only if the plaintiff demonstrates either: (1) the supervisor's personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the deprivation. See Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987). There must be an affirmative link between the injury and the defendants' conduct. See id. at 304; see also Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983) (citing Rizzo v. Goode, 96 S. Ct. 598, 604 (1976)). Supervisory liability exists without overt personal participation in an offensive act only if the

supervisory official implements a policy "so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Thompkins, 828 F.2d at 304 (quotations omitted).

Williams has not alleged facts showing that Sheriff Garcia had any personal involvement with a constitutional violation. Likewise, Williams has not alleged that the enforcement of any particular Jail policy was the moving force behind any violation of his constitutional rights. Because the allegations do not establish the requisite personal involvement or the enforcement of a constitutionally deficient policy, Williams fails to state a claim against Sheriff Garcia in his official or personal capacity. Accordingly, Williams's complaint against Sheriff Garcia must be dismissed for failure to state a claim upon which relief can be granted.

## III. Conclusion

Based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's complaint against Sheriff Adrian Garcia (Docket Entry No. 1) is **DISMISSED** with prejudice under 28 U.S.C. § 1915A(b) as frivolous and for failure to state a claim.

2. The plaintiff's Motion to Produce a Copy of Birth Certificate (Docket Entry No. 15) is **DENIED**.

3. The plaintiff's Motion to Construe and Construct (Docket Entry No. 16) is **DENIED**.

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.

**SIGNED** at Houston, Texas, on this 18th day of June, 2015.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE